1  Jerry L. Steering [State Bar No. 122509]
   LAW OFFICE OF JERRY L. STEERING
2  4063 Birch Street
3  Suite 100
   Newport Beach, CA 92660
4  Telephone: (949) 474-1849
5  Facsimile: (949) 474-1883
   jerrysteering@yahoo.com
6
7  Attorney for plaintiff Bryan Barello

8                 **UNITED STATES DISTRICT COURT**
9
10              **CENTRAL DISTRICT OF CALIFORNIA**

11 BRYAN BARELLO,                    ) Case No.
12                                   )
          Plaintiff,                 ) COMPLAINT FOR DAMAGES FOR
13                                   ) VIOLATION OF FEDERAL
14        vs.                        ) CONSTITUTIONAL RIGHTS UNDER
                                     ) COLOR OF STATE LAW
15                                   ) (42 U.S.C. § 1983);  FEDERAL
   CITY OF SEAL BEACH, and           ) CONSTITUTIONAL CLAIMS FOR
16 DOES 1 through 10, inclusive,     ) VIOLATION OF FOURTH
17                                   ) AMENDMENT RIGHTS
          Defendants.                ) UNREASONABLE / UNLAWFUL
18                                   ) ENTRY INTO PRIVATE RESIDENCE
19                                   ) AND SEARCH, UNREASONABLE
                                     ) FORCE AND SEIZURE OF PRIVATE
20                                   ) RESIDENCE; AND CALIFORNIA
21                                   ) STATE LAW CLAIMS FOR
                                     ) TRESPASS and BATTERY
22                                   )
23                                   )
24                                   )
25                                   ) JURY TRIAL DEMANDED
26                                   )
27                                   )
   _____   )
28

                    COMPLAINT FOR DAMAGES
                              1

1  **COMES NOW** plaintiff Bryan Barello and shows this honorable court the
2  following:

3  ### JURISDICTIONAL ALLEGATIONS

4      1.    As this action is brought under 42 U.S.C. § 1983 this court has
5
6  jurisdiction over this case under its federal question jurisdiction pursuant to 28
7  U.S.C. § 1331.
8
9      2.    As the incidents complained of in this action occurred in the City of
10  Seal Beach, County of Orange, State of California, within the territorial jurisdiction
11
12  of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2).

13      3.    As plaintiff's claims brought under California state law arise out of the
14
15  same transactions and occurrences, and out of a common nucleus of operative facts
16  as the plaintiff's federal questions claims, this court has jurisdiction over the
17  plaintiff's California State law claims under its supplemental jurisdiction under 28
18
19  U.S.C. § 1367, and otherwise pursuant to *United Mine Workers v. Gibbs*, 383 U.S.
20  715 (1966.)   Moreover, this action is commenced less than six months after the
21  denial of plaintiff's California Tort Claim for damages, that was timely filed with
22
23  defendant City of Seal Beach.

24  ### GENERAL ALLEGATIONS
25

26      4.    Plaintiff Bryan Barello ("BARELLO" and/or "plaintiff" and/or "Bryan
27  Barello") is a natural person, who, at all times complained of in this action, resided
28

COMPLAINT FOR DAMAGES

2

in the City of Seal Beach, County of Orange, State of California.

5.     Defendant City of Seal Beach ("CITY") is a municipal entity located in the County of Orange, State of California; within the territorial jurisdiction of this court.

6.     Defendants DOES 1 through 5, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Seal Beach Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiff in this instant action. DOES 1 through 5, inclusive, are natural persons whose identities are presently unknown to plaintiff, who, therefore, sue these persons by the fictitious name DOE.

7.     At all times complained of herein, DOES 1 through 5, inclusive, were acting pursuant to their authority as sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Seal Beach Police Department, who are in some substantial way liable and responsible for, or otherwise caused or

COMPLAINT FOR DAMAGES

3

participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action were acting in the course of and within the scope of their employment with defendant CITY, and as individual persons, acting under the color of state law. Plaintiff will amend his complaint to show the true identities of DOES 1 through 5, inclusive, when he becomes aware of said identities.

8.    Defendants DOES 6 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Seal Beach Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise caused the actions complained of by plaintiffs in this action, such as via Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate police officers, approving unlawful actions of subordinate police officers, failing to intervene in and stop unlawful actions of their subordinates), and/or, such as the failing to properly train Seal Beach Police Department personnel in lawful entries into private residences, and/or by causing / creating the policies, customs and practices of the Seal Beach Police Department that resulted in the actions by the defendant police officers complained of in this instant action.

9.    At all times complained of herein, DOES 6 through 10, inclusive, were

acting pursuant to their authority as the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Seal Beach Police Department and/or otherwise with CITY, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY, and were acting as individual persons acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 6 through 10, inclusive, when they become aware of said identities.

10.    At all times complained of herein, defendants DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described above) and/or policy making officers / officials and/or final policy making peace officers / officials, with the Seal Beach Police Department and/or otherwise with defendant CITY.

11.    Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Seal Beach Police Department / CITY, for, inter alia, for: 1) for using excessive / unreasonable force on persons;  2) for unlawfully seizing (detaining and arresting)

persons; 3) for unlawfully searching persons ; 4) for unlawfully seizing private property and for ejecting persons from private residences and for unlawfully searching  private residences; 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 9) for interfering with persons' rights to remain in their private residences; 11) for covering-up unlawful and tortious conduct by Seal Beach Police Department personnel, and 12) for performing unlawful warrantless searches of private residences , and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

12.    In addition, defendant CITY had notice of other unreasonable unlawful entries into and searches of private residences by said DOE defendants to this action, and failed to take any corrective / disciplinary actions against these DOE defendants and others.  In addition, all of the DOE defendants to this action, acted pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff his federal constitutional and statutory rights, and

California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive the plaintiff of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

13.     Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiff's federal and state constitutional and statutory rights, as set forth below.

## FIRST CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Entry Into And Search and Seizure of Private Residence; (By Plaintiff Against All Defendants)

14.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13, inclusive, above, as if set forth in full herein.

15.     On the night of December 1, 2016, plaintiff Bryan Barello was a resident of 333 First Street, Apartment F213, Seal Beach, California, when he heard a loud banging on his door.

16.     Plaintiff Bryan Barello got up from his bed and went to the door and asked who as at the door. An unknown officer DOE 1 said that it was Seal Beach Police Department.

17.     Plaintiff Bryan Barello partially opened the front door of his home to peek out and saw two officers, DOE 1 and DOE 2, standing at his doorstep.

18.     Either defendant officer DOE 1 or DOE 2 told plaintiff Bryan Barello that he was sent by the Orange County District Attorney's Office, who was contacted by Orange County Protective Services, to investigate a child abuse incident of plaintiff's 13-year old daughter, something that was not true.

19.     Defendant officer DOE 1 then turned his body sideways and slammed the front door open, injuring Bryan Barello, and entered the plaintiff Bryan Barello's home, while simultaneously asking if he could come in.

20.     Plaintiff BARELLO told defendant officer DOE 1 that plaintiff did not give permission for defendant officer DOE 1 to come into his home as defendant officer DOE 1 slammed the door open, exposing the inside of the residence to the outside hallway.

21.     Defendant officer DOE 1 proceeded to enter plaintiff Bryan Barello's home approximately ten feet inside the subject premises, and plaintiff asked defendant DOE 1 to leave his apartment.

22.     Defendant officers DOE 1 and DOE 2 then looked and saw plaintiff's girlfriend exit the bedroom dressed only in her underwear. Plaintiff BARELLO's girlfriend did not have time to put on any clothes, and officers got a full view of plaintiff's girlfriend as they looked at her.

23.     Plaintiff BARELLO repeated his demand for defendant DOE 1 to leave his home after he and his partner DOE 2 saw his girlfriend in her underwear.

COMPLAINT FOR DAMAGES

8

Defendant officer DOE 1 then pointed at plaintiff's girlfriend and asked if plaintiff's girlfriend was his daughter.

24.    Plaintiff BARELLO, for a third time, asked defendant officer DOE 1 to leave his home. Defendant officer DOE 1 then walked towards the front door and positioned himself at the door frame / threshold.

25.    Plaintiff BARELLO then told defendant officer DOE 1 that he is standing in the door frame and asked said defendant DOE 1 to back up further, which he did.

26.    However, defendant officer DOE 1 continued his questioning of plaintiff BARELLO about the whereabouts of his daughter and asked plaintiff for his driver's license and for his daughter's mother's phone number. Plaintiff BARELLO refused to answer questions because plaintiff knew that defendant officers DOE 1 and DOE 2 were not investigating any incidence of child abuse by plaintiff and that was merely an underlying falsehood to harass the plaintiff and force entry into and search his home for his daughter, who was staying with her mother at all times during the subject incident.

27.    Defendant officers DOE 1 and DOE 2 only left plaintiff's residence after plaintiff called his attorney.

28.    Defendants DOES 1 through 10, inclusive, had no search warrant or arrest warrant for plaintiff Bryan Barello, his girlfriend or for anyone else at the

plaintiff's home, had no voluntary consent to have entered, seized and searched

plaintiff Bryan Barello's home, nor to have entered or searched plaintiff's home to

see plaintiff's girlfriend in her underwear, which they did.

29.    In addition, there was no emergency or exigent circumstances then

readily apparent, and was plenty of time for defendants DOES 1 through 10,

inclusive, to have obtained a search warrant for the plaintiff's home if they believed

any grounds then existed to obtain a search warrant.

30.    Furthermore, defendants CITY and DOES 1 through 10, inclusive, also

participated in, aided, abetted, encouraged or otherwise caused the deprivation and

violation of plaintiff's Fourth Amendment rights, and rights under California state

law, as complained of in this action.

31.    Accordingly, the conduct of defendants CITY and DOES 1 through 10,

inclusive, as complained of in this action, constituted a violation of plaintiff Bryan

Barello's rights to be free from an unlawful entry into, and unlawful search and

seizure of his home under the Fourth Amendment to the United States Constitution.

32.    As a direct and proximate result of the actions of defendants CITY and

DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was

substantially physically, mentally and emotionally injured, 2) incurred medical and

psychological costs, bills and expenses, 3) lost the use and possession of his real

property and 4) incurred other special and general damages and expenses, in an amount to be proven at trial which is in excess of $10,000,000.

33.    The actions of defendants DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $10,000,000.00.

### SECOND CAUSE OF ACTION
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable Force**
**(By Plaintiff Against All Defendants)**

34.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.    As shown above, either defendant officer DOE 1 and/or DOE 2 told plaintiff Bryan Barello that he was sent by the Orange County District Attorney's Office, who was contacted by Orange County Protective Services, to investigate a child abuse incident of plaintiff's 13-year old daughter, something that was not true.

36.    As shown above, defendant officer DOE 1 then turned his body sideways and slammed the front door open, injuring Bryan Barello, and entered the plaintiff Bryan Barello's home, while simultaneously asking if he could come in.

37.    Plaintiff BARELLO told defendant officer DOE 1 that plaintiff did not give permission for defendant officer DOE 1 to come into his home as defendant officer DOE 1 slammed the door open, exposing the inside of the residence to the outside hallway and injuring him.

38.    Accordingly, the conduct of defendants CITY and DOES 1 through 10, inclusive, as complained of in this action, constituted a violation of plaintiff Bryan Barello's rights to be free from an unlawful entry into, and unlawful search and seizure of his home under the Fourth Amendment to the United States Constitution.

39.    As a direct and proximate result of the actions of defendants CITY and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real property and 4) incurred other special and general damages and expenses, in an amount to be proven at trial which is in excess of $10,000,000.

40.    The actions of defendants DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $10,000,000.00.

### THIRD CAUSE OF ACTION
**Trespass to Private Residence**
**Under California State Law**
**(By Plaintiff Against all Defendants)**

41.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42.  As complained of above, plaintiff Bryan Barello leased / occupied / controlled the property located at 333 First Street, Apartment F213, Seal Beach, California.

43.  As complained of above, said defendant DOE 1 and/or DOE 2 intentionally entered the plaintiff's Bryan Barello's private residence.

44.  As complained of above, plaintiff BARELLO did not give permission for the entry by said DOE defendants into his private residence.

45.  Plaintiff BARELLO was actually harmed by the unlawful entry into his home; and

46.  That defendant officers DOE 1 and/or DOE 2's entry and conduct was a substantial factor in causing plaintiff BARELLO's harm.

47.  As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount

COMPLAINT FOR DAMAGES

13

to be proven at trial in excess of $10,000,000.00.

48.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

## FOURTH CAUSE OF ACTION
**Battery**
**Under California State Law**
**(By Plaintiff Against all Defendants)**

49.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50.    The actions committed by COUNTY and DOES 1 through 10, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff and constituted a battery of him by COUNTY and DOES 1 through 10, inclusive, under California state law.

51.    Defendants COUNTY and DOES 1 through 10, and each of them, are liable to the plaintiff for said battery of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

52.  As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs

1   and 4) incurred lost profits and other associated costs and expenses; all in an amount

2   to be proven at trial in excess of $10,000,000.00.

3

4        53.    The actions by said defendants were committed maliciously and

5   oppressively and constituted despicable conduct; sufficient for an award of punitive

6   / exemplary damages against all defendants and each of them, save defendant

7

8   COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

9                          **FITH CAUSE OF ACTION**
                           **[VIOLATION OF 42 U.S.C. § 1983]**

10  **Violation Of First Amendment Rights – Free Speech / Right to Petition**

11                     **(By Plaintiff Against All Defendants)**

12

13       54.    Plaintiff hereby realleges and incorporates by reference the allegations

14  set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

15

16       55.    The actions committed by COUNTY and DOES 1 through 10,

17  inclusive, above-described, were so committed by defendants against the plaintiff in

18

19  retaliation for plaintiff complaining to the Seal Beach Police Department and other

20  law enforcement agencies and other government entities about the conduct of their

21  officers, employees and agents.

22

23       56.    Accordingly, said conduct violated the plaintiff's First Amendment

24  rights to free speech and to petition the government for redress of grievances.

25

26       57. As a direct and proximate result of the actions of CITY and DOES 1

27  through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and

28  emotionally injured; 2) incurred medical and psychological costs, bills and expenses

COMPLAINT FOR DAMAGES
15

and 3) incurred other special and general damages, including attorney's fees, costs

and 4) incurred lost profits and other associated costs and expenses; all in an amount

to be proven at trial in excess of $10,000,000.00.

57.     The actions by said defendants were committed maliciously and

oppressively and constituted despicable conduct; sufficient for an award of punitive

/ exemplary damages against all defendants and each of them, save defendant

COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

1) For an award of compensatory damages in favor of plaintiff an
   amount to be shown at trial, in excess of $10,000,000.00 against all
   defendants;

2) For an award of punitive / exemplary damages in an amount to be
   shown at trial against all defendants, save defendant CITY, in an
   amount to be shown at trial, in excess of $3,000,000.00.

3) For reasonable attorney's fees and other costs of suit herein;

4) For a trial by jury;  and

5) For such other and further relief as this honorable court deems
   proper, just and equitable.

_____

JERRY L. STEERING
Attorney for Plaintiff

COMPLAINT FOR DAMAGES
16