UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)          Date: April 30, 2018

Title: BRYAN BARELLO V. CITY OF SEAL BEACH, ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |
| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [12]

Before the Court is Defendant City of Seal Beach's ("City") Motion to Dismiss ("Motion") (Dkt. 12). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the moving papers and considered the parties' arguments, the Court GRANTS IN PART City's Motion.

I.    **Background**

     A.    **Facts**

The Court adopts the facts as set out in Plaintiff Bryan Barello's ("Plaintiff") Complaint ("Compl.") (Dkt. 1).

On the night of December 1, 2016, Plaintiff heard a loud banging on the door of his residence at 333 First Street, Apartment F213, Seal Beach, California ("Subject Property"). Compl. ¶ 15. Plaintiff went to the door to inquire about the identity of the person outside his door, and an unknown officer said it was Seal Beach Police Department. *Id.* ¶ 16. Plaintiff partially opened the front door and saw two officers (Does 1 and 2) standing at his doorstep. *Id.* ¶ 17. One of the officers told him that they were sent

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)                                            Date: April 30, 2018
                                                                                                                                                           Page 2

by the Orange County District Attorney's Office, who was contacted by Orange County Protective Services, to investigate a child abuse incident involving Plaintiff's 13-year-old daughter. *Id.* ¶ 18. Plaintiff alleges that the child abuse allegations were not true. *Id.*

     Then, the first officer "turned his body sideways and slammed the front door open, injuring [Plaintiff], and entered the plaintiff Brian Barello's home, while simultaneously asking if he could come in." *Id.* ¶ 19. Plaintiff told the officer that Plaintiff did not give him permission to enter Plaintiff's home as the officer opened the door. *Id.* ¶ 20. The officer then entered "approximately ten feet" into the home, and Plaintiff asked the officer to leave. *Id.* ¶ 21.

     Thereafter, Plaintiff's girlfriend exited the bedroom dressed only in her underwear because she had no time to put on any clothes, and both officers "got full view" of her. *Id.* ¶ 22. Plaintiff again demanded the officers leave his home, and the first officer "pointed at [P]laintiff's girlfriend and asked if [P]laintiff's girlfriend was his daughter." *Id.* ¶ 23.

     Plaintiff for a third time asked the first officer to leave his home, and the first officer walked towards the front door and positioned himself at the door frame. *Id.* ¶¶ 24–25. Plaintiff asked the officer to back up further, which the officer did. *Id.* The officer continued questioning Plaintiff about the whereabouts of Plaintiff's daughter, and asked for Plaintiff's driver's license and the phone number of the mother. *Id.* ¶ 26. Plaintiff refused to answer any of the officer's questions because he allegedly knew the officers were operating under an "underlying falsehood to harass the plaintiff and force entry into and search his home for his daughter, who was staying with her mother at all times during the subject incident." *Id.* The two officers only left Plaintiff's residence after Plaintiff called his attorney. *Id.* ¶ 27. The officers allegedly had no search or arrest warrant for anyone at Plaintiff's home, no voluntary consent to enter, seize, and search Plaintiff's home and no emergency or exigent circumstances readily apparent. *Id.* ¶¶ 28–29.

     Plaintiff alleges that these actions were in retaliation for Plaintiff "complaining to the Seal Beach Police Department and other law enforcement agencies and other government entities about the conduct of their officers, employees and agents." *Id.* ¶ 55.

     City of Seal Beach is a municipal entity located in the County of Orange, State of California. *Id.* ¶ 5. Plaintiff alleges that officer Does 1–5 are sworn peace officers employed by City and/or the Seal Beach Police Department. *Id.* ¶ 6. Additionally, Plaintiff alleges that Does 6–10, inclusive, are sworn peace officers, the Chief, Assistant Chiefs, Captains, Lieutenants, Sergeants, or other Supervisory personnel or policy

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---:|
| Case No. SA CV 17-2173-DOC (JDEx) | Date: April 30, 2018 |
| | Page 3 |

making or final policy-making officials with the Seal Beach Police Department or City. *Id.* ¶ 8.

### B. Procedural History

Plaintiff filed the instant suit against City and Does 1–10 (collectively "Defendants") on December 13, 2017. Plaintiff brings five claims against City and Does 1–10:

(1) unreasonable or unlawful entry into and search and seizure of private residence in violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983;
(2) unreasonable force in violation of Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983;
(3) trespass to private property under California state law;
(4) battery under to California Government Code §§ 815.2(2), 815.6, 820, 820.8 and otherwise under California common law; and
(5) violation of Plaintiff's First Amendment rights to free speech and right to petition under 42 U.S.C. § 1983.

*See* Compl. ¶¶ 14–57.

City filed the instant Motion to Dismiss on February 7, 2018. City moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) due to lack of subject matter jurisdiction and failure to state a claim. *See* Mot. Plaintiff opposed the Motion ("Opp'n") (Dkt. 15) on February 19, 2018. City replied ("Reply") (Dkt. 16) on February 26, 2018.

## II. Legal Standard

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a complaint must be dismissed if the court lacks subject matter jurisdiction to adjudicate the claims. Once subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "the party seeking to invoke the courts jurisdiction bears the burden of establishing that jurisdiction exists"). Accordingly, the Court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)            Date: April 30, 2018
           Page 4

### B.     Motion to Dismiss for Failure to State a Claim

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).

### C.     Leave to Amend

Dismissal with leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

## III.     Discussion

City asks the Court to dismiss the Complaint, making three arguments. First, city argues that Plaintiff's first, second, and five claims brought under 42 U.S.C. § 1983 against City should be dismissed because Plaintiff fails to allege sufficient facts to establish a *Monell* claim. Mot. at 5. Second, City argues that all five of Plaintiff's claims are insufficiently pled under *Iqbal*. *Id.* at 10. Finally, City argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. *Id.* at 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)            Date: April 30, 2018
                                                                                                        Page 5

The Court will address Plaintiff's first, second, and fifth claims brought under 42 U.S.C. § 1983 against Does 1–10, then Plaintiff's first, second, and fifth claims brought under 42 U.S.C. § 1983 brought against City, and finally Plaintiff's fourth and fifth state law claims for trespass and battery.

### A.     Section 1983 Claims Against Does 1–10

Defendant argues that Plaintiff's first, second, and fifth claims brought under 42 U.S.C. § 1983 against individual defendant Does 1–10 should be dismissed for failure to state a claim. Mot. at 10–12. The Court will address each claim in turn.

#### 1.     Unlawful Entry and Search and Seizure

City argues that Plaintiff's first claim for unlawful entry and search and seizure is insufficiently pled, because the allegations are ambiguous and conclusory. Mot. at 10–11. In response, Plaintiff argues that he has alleged, with great specificity, an incident in which Defendant officers forced their way into his home without a warrant or exigent circumstances "based on a vague, uncorroborated, and patently false allegation of child abuse, allegedly at the request of Orange County CPS." Opp'n at 7 (citing Compl. ¶¶ 14–57).

Under the Fourth Amendment, people are guaranteed the right "to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. "[A] violation occurs when government officers violate a person's 'reasonable expectation of privacy.'" *United States v. Jones*, 565 U.S. 400, 406 (2012) (quoting *Katz v. United States*, 389 U.S. 347, 360 (1967)). Police officers are prohibited from entering a person's home without a warrant, "unless the officers have probable cause and are presented with exigent circumstances." *LaLonde v. County of Riverside*, 204 F.3d 947, 954 (9th Cir. 2000) (citations omitted). "It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York*, 445 U.S. 573, 586 (1980) (internal quotations omitted). "It is well settled constitutional law that, absent exigent circumstances, probable cause alone cannot justify an officer's warrantless entry into a person's home." *LaLonde*, 204 F.3d at 954. "[T]he police bear a heavy burden when attempting to demonstrate an urgent need that might justify warrantless searches or arrests." *Welsh v. Wisconsin*, 466 U.S. 740, 749–50 (1984).

"[A] special exigency excuses a warrantless entry where the government officers have probable cause to believe that the child has been abused and that the child would be injured or could not be taken into custody if it were first necessary to obtain a court

Case 8:17-cv-02173-DOC-JDE Document 19 Filed 04/30/18 Page 6 of 15 Page ID #:103

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)            Date: April 30, 2018
           Page 6

order." *Calabretta v. Floyd*, 189 F.3d 808, 817 (9th Cir. 1999). Officials who enter a home to "remove a child from its home without a warrant must have reasonable cause to believe that the child is likely to experience serious bodily harm in the time that would be required to obtain a warrant." *Rogers v. Cty. of San Joaquin*, 487 F.3d 1288, 1294 (9th Cir. 2007). "Serious allegations of abuse that have been investigated and corroborated usually give rise to a 'reasonable inference of imminent danger sufficient to justify'" a warrantless entry and "'taking children into temporary custody' if they might again be beaten or molested during the time it would take to get a warrant." *Id.*

    City argues that Plaintiff's claim that the reports of child abuse were false is ambiguous as to whether the "falsehood" was a lie by the police or by the mother or daughter, and that Plaintiff's allegations about a lack of exigent circumstances are conclusory, and do not "suffice in light of a report that a parent was abusing a child." Mot. at 10–11. However, Plaintiff alleges that the officers were not investigating any actual incident of child abuse, "but that [it] was merely an underlying falsehood to harass plaintiff and force entry." Compl. ¶ 26. Thus, taking Plaintiff's allegations as true, Plaintiff has plausibly alleged a lack of exigent circumstances.

    City also argues that Plaintiff's claim is "virtually conclusive" as to damages. Mot. at 11. However, Plaintiff has alleged that Officer Doe 1 "turned his body sideways and slammed the front door open," injuring Plaintiff, and that Plaintiff was physically, mentally, and emotionally injured, and incurred medical and psychological costs, bills, and expenses, and the loss of use and possession of his real property. *Id.* ¶¶ 19, 32. Thus, Plaintiff has alleged damages with specificity. *See Twombly*, 550 U.S. at 555.

    Accordingly, the Court DENIES City's Motion to Dismiss Plaintiff's first claim for unlawful entry and search and seizure against individual defendants DOES 1–10.

    **2.**    **Unreasonable Force Claim**

    Next, City argues that Plaintiff's bare allegations are insufficient to establish his second claim for unreasonable force under § 1983. Mot. at 11. Plaintiff does not provide any argument in response, but cites case law on the topic of unreasonable or excessive force. Opp'n at 8.

    Claims of unreasonable or excessive force are evaluated under the Fourth Amendment's objective reasonableness standard. *Graham v. Connor*, 490 U.S. 386, 397 (1989); *Blandford v. Sacramento County*, 406 F.3d 1110, 1115 (9th Cir. 2005). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the

Case 8:17-cv-02173-DOC-JDE Document 19 Filed 04/30/18 Page 7 of 15 Page ID #:104

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)　　　　　　　　　　　　　　　　　　Date: April 30, 2018
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S. 1, 8 (1985)). "Relevant factors to this inquiry include, but are not limited to, 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) (quoting *Graham*, 490 U.S. at 396); *accord Forrester v. City of San Diego*, 25 F.3d 804, 806 n.2 (9th Cir. 1994). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,'" constitutes a Fourth Amendment violation. *Id.* (quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)).

　　　　Plaintiff has alleged in his Complaint that the officers arrived on his property in response to a child abuse report from the Orange County District Attorney's Office and the Orange County Protective Services, which Plaintiff claims was untrue. Compl. ¶ 18. Plaintiff then claims that the first officer "turned his body sideways and slammed the front door open, injuring [Plaintiff], and entered the plaintiff Brian Barello's home, while simultaneously asking if he could come in." *Id.* ¶ 19. Plaintiff's allegation regarding the opening of the front door is too vague for the Court to determine if Plaintiff has plausibly alleged that—balancing "the nature and quality of the intrusion on the individual's Fourth Amendment interests" against "the countervailing governmental interests at stake"—the alleged force was unreasonable. *See* Graham, 490 U.S. at 396; *Iqbal*, 556 U.S. at 678.

　　　　Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's second claim for unreasonable force under § 1983 as to the individual Defendants.

### 3.　　　Retaliation for Exercise of First Amendment Rights

　　　　City argues that Plaintiff's third claim for retaliation against exercise of his First Amendment rights fails because Plaintiff alleges no facts identifying Plaintiff's complaints, their substance, when they were made, and which officers were the subject of the complaints. Mot. at 12. City further argues that Officers Doe 1 and Doe 2 must have known about the complaints in order for their acts to qualify as retaliation, and Plaintiff has not alleged facts to support this. *Id.* Plaintiff does not provide any argument to oppose City's argument, but cites case law regarding First Amendment Retaliation claims. *See* Opp'n at 9.

Case 8:17-cv-02173-DOC-JDE Document 19 Filed 04/30/18 Page 8 of 15 Page ID #:105

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)                                            Date: April 30, 2018
                                                                                                                                                                      Page 8

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that

> (1) he engaged in constitutionally protected activity;
> (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and
> (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action.

*Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010).

In his Complaint, Plaintiff claims that Defendants retaliated against him for "complaining to the Seal Beach Police Department and other law enforcement agencies and other government entities about the conduct of their officers, employees and agents." *Id.* ¶ 55. This allegation on its own is too vague to establish that Plaintiff engaged in a constitutionally protected activity. Furthermore, because "[t]emporal proximity between the protected activity and the allegedly retaliatory action is often the crux of the causation question in a retaliation claim," *Williams v. Delfine,* EDCV080533CBMMLG, 2008 WL 5245976, at *4 (C.D. Cal. Dec. 12, 2008) (citing *Davis v. Team Elec. Co.,* 520 F.3d 1080, 1094 (9th Cir. 2008)), Plaintiff's lack of allegations as to when he made the complaints to the Seal Beach Police Department precludes a determination of a "substantial causal relationship" between the alleged complaints and the officers' conduct on the day of the incident. *See Blair*, 608 F.3d at 543. Thus, Plaintiff has failed to allege sufficient facts to establish that he engaged in constitutionally protected activity, or that there was a substantial causal relationship between the constitutionally protected activity and the actions of Does 1 and 2.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's fifth claim for violation of his First Amendment rights to free speech and right to petition under 42 U.S.C. § 1983 as to the individual Defendants.

## B.     *Monell* **claims against the City of Seal Beach**

Next, City moves to dismiss Plaintiff's first, second, and fifth claims under § 1983 pursuant to a *Monell* theory arguing that Plaintiff has insufficiently pleaded facts against City to establish a *Monell* claim. *Id.* at 5. City argues that the mere fact that officers were employed by City does not make City liable for any alleged conduct. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)                            Date: April 30, 2018
                                                                                                    Page 9

       To hold a city liable under § 1983 for the violation of a constitutional right, a plaintiff must establish liability under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). "[M]unicipalities may be held liable as 'persons' under § 1983 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent the official policy, inflicts the injury.'" *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (quoting *Monell*, 436 U.S. at 694)). Four conditions must be satisfied in order to establish municipal liability under *Monell*. The plaintiff must show: "'(1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.'" *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) (quoting *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992)).

       The Ninth Circuit has recognized four ways to demonstrate a municipal policy or custom in satisfaction of the second element of *Monell* liability:

> (1) "[W]hen execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . ."[;]
>
> (2) where "the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity . . ."[;]
>
> (3) by showing that "the tortfeasor was an official whose acts fairly represent official policy such that the challenged act constituted an official policy . . ."[;] or
>
> (4) by showing that "an official with final policymaking authority either delegated that authority to, or ratified the decision of, a subordinate."

*Souliotes v. City of Modesto*, No. 115CV00556LJOSKO, 2016 WL 3549266, at *13 (E.D. Cal. June 29, 2016) (quoting *Price v. Sery*, 513 F.3d 962, 966 (9th Cir. 2008) (citations and internal quotation marks omitted)).

       "In order to withstand a motion to dismiss for failure to state a claim, a *Monell* claim must consist of more than mere formulaic recitations of the existence of unlawful policies, conducts or habits." *Anakin v. Contra Costa Reg'l Med. Ctr.*, 2016 WL

Case 8:17-cv-02173-DOC-JDE Document 19 Filed 04/30/18 Page 10 of 15 Page ID #:107

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)                      Date: April 30, 2018
                                                                                                                    Page 10

1059428, at \*3 (N.D. Cal. Mar. 17, 2016) (quoting *Bedford v. City of Hayward*, 2012 WL 4901434, at \*12 (N.D. Cal. Oct. 15, 2012)).

      Plaintiff argues that this Court should follow the Supreme Court decision in *Leatherman*, which rejected a "heightened pleading standard" for *Monell* claims. Opp'n at 4–5 (citing *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). City responds that Court must follow the standard pleading requirement as set by *Twombly* and *Iqbal*. Reply at 2–6.

      In *Leatherman*, the Supreme Court rejected the "heightened pleading standard" set by the Fifth Circuit for a *Monell* claim. *Leatherman*, 507 U.S. at 168. The Court reasoned that "it is impossible to square the 'heightened pleading standard' . . . . with the liberal system of 'notice pleading' set up by the Federal Rules." *Id.* The Court held that in order to state a claim under *Monell*, a plaintiff need only follow the standard pleading requirements set forth by Federal Rule of Civil Procedure 8(a)(2) and *Conley v. Gibson*. *Id.* ("[A]ll the Rules require is a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (internal quotations omitted). Under *Conley*'s notice-pleading standard, courts were authorized to grant motions to dismiss under Rule 12(b)(6) only when "it appear[ed] beyond doubt that the plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45–46.

      However, it is well settled that the standard pleading requirements have changed in the wake of the Supreme Court's more recent decisions in *Twombly* and *Iqbal*, which are binding on this Court. *See Twombly*, 550 U.S. 544; *Iqbal*, 556 U.S. 662. Under the current pleading standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The pleadings must raise the right to relief beyond the speculative level. *Id.* at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Accordingly, the Court will follow the pleading standards set forth in *Twombly* and *Iqbal* in analyzing Plaintiff's *Monell* claims.

      As to the first *Monell* element, deprivation of a constitutional right, Plaintiff's *Monell* liability claim rests on his unlawful search, excessive force, and retaliation claims. *See* Compl. ¶¶ 14–40, 54–57. The Court has found that Plaintiff sufficiently plead his first and second claims for unlawful entry and search and seizure and for excessive force against the individual Defendants. Therefore, Plaintiff has sufficiently plead the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)            Date: April 30, 2018
                                                                                                                    Page 11

first element of his *Monell* claim that he "possessed a constitutional right of which he was deprived." *See Van Ort*, 92 F.3d at 835.

As to the second element, that the municipality had a policy, Plaintiff alleges:

> [D]efendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the creation and maintenance of, the customs, policies, usages and practices of the Seal Beach Police Department / CITY, for, inter alia, for:
> 1) for using excessive unreasonable force on persons;
> 2) for unlawfully seizing (detaining and arresting) persons;
> 3) for unlawfully searching persons;
> 4) for unlawfully seizing private property and for ejecting persons from private residences and for unlawfully searching private residences;
> 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability;
> 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech;
> 9) [sic] for interfering with persons' rights to remain in their private residences;
> 11) [sic] for covering-up unlawful and tortious conduct by Seal Beach Police Department personnel, and
> 12) for performing unlawful warrantless searches of private residences , and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

Compl. ¶ 11. Plaintiff also alleges that City "had notice of other unreasonable unlawful entries into and searches of private residences" and "failed to take any corrective / disciplinary actions against these DOE defendants and others." *Id.* ¶ 12; *see also Gomez v. Vernon*, 255 F.3d 11178, 1127 (9th Cir. 2001) ("The Department's failure to investigate or correct constitutional violations supports the district court's finding that there was a policy or custom that led to the violation of the inmates' rights.").

Case 8:17-cv-02173-DOC-JDE   Document 19   Filed 04/30/18   Page 12 of 15   Page ID #:109

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)					Date: April 30, 2018
												Page 12

Plaintiff's allegations suggest that he is relying on the second recognized way to establish a municipal policy: where "the constitutional tort was the result of a longstanding practice or custom which constitutes the standard operating procedure of the local government entity." *See Souliotes*, 2016 WL 3549266, at *13.

A longstanding practice or custom is one that is so 'persistent and widespread' that it constitutes a 'permanent and well settled' governmental policy." *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1096 (E.D. Cal. 2012) (quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996)). "A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom." *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). "Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino*, 99 F.3d at 918.

Here, Plaintiff has only offered conclusory allegations that as a matter of "custom, practice and policy," City had notice of the unlawful activities and failed to take any corrective action, but Plaintiff does not allege any instances—other than the incident on December 1, 2016—in which police officers demonstrated misconduct. *See Trevino*, 99 F.3d at 918 ("Liability for improper custom may not be predicated on isolated or sporadic incidents."); *see also Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989) ("A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident or unconstitutional action by a non-policymaking employee."). Thus, Plaintiff has not properly pled the second *Monell* element. Therefore, Plaintiff has not adequately stated *Monell* claims against City.

Accordingly, the Court DISMISSES WITHOUT PREJUDICE Plaintiff's first, second, and fifth claims, to the extent they are brought against City under a *Monell* theory of liability pursuant to 42 U.S.C. § 1983.

### C.     Plaintiff's State Law Claims

Next, City moves to dismiss Plaintiff's third and fourth claims, California trespass and battery claims, for lack of subject matter jurisdiction. Mot. 12–13. City argues that the Court should decline to exercise supplemental jurisdiction over Plaintiff's California trespass and battery claims. Mot. 12–13.

A district court may decline to exercise supplemental jurisdiction over a state law claim where the district court has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "The decision to retain jurisdiction over state law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 17-2173-DOC (JDEx)                          Date: April 30, 2018
                                                                                                                Page 13

claims is within the district court's discretion, weighing factors such as economy, convenience, fairness, and comity." *Brady v. Brown*, 51 F.3d 810, 816 (9th Cir. 1995). Because the Court has not dismissed Plaintiff's § 1983 unlawful search and excessive force claims, the Court will continue to exercise supplemental jurisdiction over Plaintiff's state claims.

Accordingly, the Court DENIES City's Motion to Dismiss for lack of subject matter jurisdiction.

Next, City moves to dismiss Plaintiff's California trespass and battery claims for failure to state a claim upon which relief can be granted. Mot. at 11–12. Plaintiff does not offer any specific arguments in Opposition, but recites case law regarding California trespass and battery. *See* Opp'n at 8–9. The Court will address Plaintiff's trespass and battery claims in turn.

### 1. California Trespass

City argues that Plaintiff's third claim for trespass is a "replay" of Plaintiff unlawful search claims, that the pleading is conclusory, and that Plaintiff does not plead a damage to property, but merely a personal injury. Mot. at 11.

"California's definition of trespass is considerably narrower than its definition of nuisance." *Capogeannis v. Superior Court,* 12 Cal. App. 4th 668, 674 (1993). "A trespass is an invasion of the interest in the exclusive possession of land, as by entry upon it." *Wilson v. Interlake Steel Co.,* 32 Cal. 3d 229, 233 (1982) (citation omitted). "The essence of the cause of action for trespass is an 'unauthorized entry' onto the land of another." *Cassinos v. Union Oil Co.,* 14 Cal. App. 4th 1770, 1778 (1993) (citation omitted). Furthermore, "'the intent required as a basis for liability as a trespasser is simply an intent to be at the place on the land where the trespass allegedly occurred . . . . The defendant is liable for an intentional entry although he has acted in good faith, under the mistaken belief, however reasonable, that he is committing no wrong.'" *Miller v. National Broadcasting Co.*, 187 Cal. App. 3d 1463, 1480–81 (Cal. App. 2d Dist. 1986) (internal citation omitted). Finally, when it comes to damages, "[t]he general rule is simply that damages may be recovered for annoyance and distress, including mental anguish, proximately caused by a trespass." *Armitage v. Decker*, 218 Cal. App. 3d 887, 905 (1990).

In Plaintiff's Complaint, Plaintiff alleges that the first officer "turned his body sideways and slammed the front door open" and entered "approximately ten feet" into Plaintiff's home. Compl. ¶¶ 20–21. Furthermore, Plaintiff also alleges that he did not give

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 17-2173-DOC (JDEx) | Date: April 30, 2018 |
| | Page 14 |

the two officers permission to enter his home, and that he demanded that the officers exit the property multiple times. *Id.* ¶¶ 20, 23–25. Thus, Plaintiff has sufficiently alleged "unauthorized entry" into his home. *See Cassinos*, 14 Cal. App. 4th at 1778.

Nonetheless, City argues that Plaintiff's trespass claim fails because Plaintiff failed to claim any damage to the property. Mot. at 11. However, City does not provide any case law to support the proposition that a plaintiff must allege specifically property damage to allege damages for the purposes of trespass. *See* Mot. Plaintiff has indeed alleged a personal injury from when the first officer "slammed the front door open" and allegedly injured Plaintiff. Compl. ¶ 19. Plaintiff has also alleged that Plaintiff was physically, mentally, and emotionally injured, and incurred medical and psychological costs, bills, and expenses. *Id.* ¶ 47. Therefore, because under California law, a plaintiff can recover "for annoyance and distress, including mental anguish, proximately caused by a trespass," Plaintiff can recover for a physical, mental, and emotional injury that is a proximate result of a trespass. *See Armitage*, 218 Cal. App. 3d at 905.

Accordingly, the Court DENIES City's Motion to Dismiss Plaintiff third claim for California trespass.

### 2. California Battery

Finally, City argues that Plaintiff's fourth claim for California battery is a "replay" of Plaintiff's excessive force claim, and that the pleading is formulaic and conclusory. Mot. at 11–12.

"The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *Yun Hee So v. Sook Ja Shin*, 212 Cal. App. 4th 652, 668 (2013), *as modified on denial of reh'g* (Jan. 28, 2013).

Plaintiff alleges, among other things, that Officer Doe 1 "turned his body sideways and slammed the front door open, injuring [Plaintiff], and entered the plaintiff Brian Barello's home, while simultaneously asking if he could come in." Compl. ¶ 19. Plaintiff also alleges that Plaintiff told the officer that Plaintiff did not give him permission to enter Plaintiff's home as the officer opened the door. *Id.* ¶ 20. Plaintiff further alleges that the officers were operating under an "underlying falsehood to harass the plaintiff and force entry into . . . his home." *Id.* ¶ 26. Thus, Plaintiff has plausibly alleged: (1) that Officer Doe 1 caused Plaintiff to be touched with the intent to harm or offend Plaintiff;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 17-2173-DOC (JDEx) | Date: April 30, 2018 |
| | Page 15 |

(2) that Plaintiff did not consent; (3) that Plaintiff was harmed by Officer Doe 1's conduct; and (4) that a reasonable person in Plaintiff's position would have been offended by being injured from an officer slamming the front door open while the person was telling the officer that the person did not give the officer permission to enter. *See Yun Hee So*, 212 Cal. App. at 652.

Accordingly, the Court DENIES City's Motion to Dismiss Plaintiff's fourth claim for California battery.

## IV.   Disposition

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART City's Motion.

The Court DISMISSES WITHOUT PREJUDICE: (1) Plaintiff's first, second, and fifth claims, to the extent they are brought against City under a *Monell* theory of liability under 42 U.S.C. § 1983; (2) Plaintiff's second claim for unreasonable force under 42 U.S.C. § 1983 as to the individual Defendants; and (3) Plaintiff's fifth claim against individual Defendants for violation of Plaintiff's First Amendment rights to free speech and right to petition under 42 U.S.C. § 1983.

Plaintiff may file an amended complaint, if desired, **on or before May 18, 2018.**

The Clerk shall serve this minute order on the parties.

| | |
|---|---|
| MINUTES FORM 11<br>CIVIL-GEN | Initials of Deputy Clerk: djl |