Jerry L. Steering [State Bar No. 122509]
LAW OFFICE OF JERRY L. STEERING
4063 Birch Street
Suite 100
Newport Beach, CA 92660
Telephone: (949) 474-1849
Facsimile: (949) 474-1883
jerrysteering@yahoo.com

Attorney for plaintiff Bryan Barello

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN BARELLO, | ) Case No. 8:17-cv-02173-DOC-JDE |
| | ) |
| Plaintiff, | ) FIRST AMENDED COMPLAINT FOR |
| | ) DAMAGES FOR VIOLATION OF |
| vs. | ) FEDERAL CONSTITUTIONAL |
| | ) RIGHTS UNDER COLOR OF STATE |
| CITY OF SEAL BEACH, | ) LAW (42 U.S.C. § 1983);  FEDERAL |
| AVALONBAY COMMUNITIES, | ) CONSTITUTIONAL CLAIMS FOR |
| INC., ANN MARIE | ) VIOLATION OF FOURTH |
| SAYBLOCK, ALLIED | ) AMENDMENT RIGHTS UNLAWFUL |
| UNIVERSAL SECURITY | ) SEIZURE OF PERSON, |
| SERVICES, UNIVERSAL | ) UNREASONABLE USE OF FORCE, |
| PROTECTION SECURITY | ) UNREASONABLE / UNLAWFUL |
| SYSTEMS GP, INC., a California | ) ENTRY INTO PRIVATE RESIDENCE |
| Corporation, KEVIN HOOPER, | ) AND SEARCH, UNREASONABLE |
| and DOES 1 through 10, | ) SEIZURE OF PRIVATE RESIDENCE |
| inclusive, | ) UNREASONABLE / UNLAWFUL |
| | ) SEARCH OF PERSON; VIOLATION |
| Defendants. | ) OF FIRST AMENDMENT RIGHTS |
| | ) [RIGHT TO PETITION |
| | ) GOVERNMENT FOR REDRESS OF |
| | ) GRIEVANCES / FREEDOM OF |
| | ) SPEECH]; AND CALIFORNIA STATE |
| | ) LAW CLAIMS FOR VIOLATION OF |

CIVIL CODE § 52.1, TRESPASS and BATTERY

JURY TRIAL DEMANDED

_____

**COMES NOW** plaintiff Bryan Barello and shows this honorable court the following:

## JURISDICTIONAL ALLEGATIONS

1.     As this action is brought under 42 U.S.C. § 1983 this court has jurisdiction over this case under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     As the incidents complained of in this action occurred in the City of Seal Beach, County of Orange, State of California, within the territorial jurisdiction of this court, venue properly lies in this court pursuant to 28 U.S.C. §1391(b)(2).

3.     As plaintiff's claims brought under California state law arise out of the same transactions and occurrences, and out of a common nucleus of operative facts as the plaintiff's federal questions claims, this court has jurisdiction over the plaintiff's California State law claims under its supplemental jurisdiction under 28 U.S.C. § 1367, and otherwise pursuant to *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966.)   Moreover, this action is commenced less than six months after the denial of plaintiff's California Tort Claim for damages, that was timely filed with defendant City of Seal Beach.

## **GENERAL ALLEGATIONS**

4.     Plaintiff Bryan Barello ("BARELLO" and/or "plaintiff" and/or "Bryan Barello") is a natural person, who, at all times complained of in this action, resided in the City of Seal Beach, County of Orange, State of California.

5.     Defendant City of Seal Beach ("CITY") is a municipal entity located in the County of Orange, State of California; within the territorial jurisdiction of this court.

6.     Defendants DOES 1 through 5, inclusive, are sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or some other public officer and/or Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Seal Beach Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiff in this instant action. DOES 1 through 5, inclusive, are natural persons whose identities are presently unknown to plaintiff, who, therefore, sue these persons by the fictitious name DOE.

7.     At all times complained of herein, DOES 1 through 5, inclusive, were acting pursuant to their authority as sworn peace officers and/or police officers and/or investigators and/or Special Officers and/or some other public officer and/or

Supervisors (i.e. Sergeants, Lieutenants, Captains, Commanders, etc.) and/or some other employee of defendant CITY and/or the Seal Beach Police Department, who are in some substantial way liable and responsible for, or otherwise caused or participated in, and/or failed to supervise and/or intervene in and stop and/or prevent the actions complained of by the plaintiffs in this instant action were acting in the course of and within the scope of their employment with defendant CITY, and as individual persons, acting under the color of state law. Plaintiff will amend his complaint to show the true identities of DOES 1 through 5, inclusive, when he becomes aware of said identities.

8. Defendants DOES 6 through 10, inclusive, are sworn peace officers and/or the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Seal Beach Police Department and/or defendant CITY, who are in some substantial way liable and responsible for, or otherwise caused the actions complained of by plaintiffs in this action, such as via Supervisory Liability (i.e. failure to properly supervise, improperly directing subordinate police officers, approving unlawful actions of subordinate police officers, failing to intervene in and stop unlawful actions of their subordinates), and/or, such as the failing to properly train Seal Beach Police Department personnel in lawful entries into private residences, and/or by causing / creating the policies, customs and

practices of the Seal Beach Police Department that resulted in the actions by the defendant police officers complained of in this instant action.

9.      At all times complained of herein, DOES 6 through 10, inclusive, were acting pursuant to their authority as the Chief and/or Assistant Chiefs and/or Captains and/or Lieutenants and/or Sergeants and/or other Supervisory personnel and/or policy making and/or final policy making officials with the Seal Beach Police Department and/or otherwise with CITY, and/or some other public official(s) with defendant CITY, and were acting in the course of and within the scope of their employment with defendant CITY, and were acting as individual persons acting under the color of state law. Plaintiffs will amend their complaint to show the true identities of DOES 6 through 10, inclusive, when they become aware of said identities.

10.      At all times complained of herein, defendants DOES 1 through 10, inclusive, were acting as individual persons under the color of state law; under and pursuant to their status and authority as peace officers and/or Supervisory peace officers (as described above) and/or policy making officers / officials and/or final policy making peace officers / officials, with the Seal Beach Police Department and/or otherwise with defendant CITY.

11.      Moreover, at all times complained of herein, defendants DOES 1 through 10, inclusive, were acting pursuant to, or otherwise contributed to the

creation and maintenance of, the customs, policies, usages and practices of the Seal Beach Police Department / CITY, for, inter alia, for: 1) for using excessive / unreasonable force on persons;  2) for unlawfully seizing (detaining and arresting) persons; 3) for unlawfully searching persons ; 4) for unlawfully seizing private property and for ejecting persons from private residences and for unlawfully searching  private residences; 5) for fabricating / destroying / concealing / altering evidence in criminal and civil actions, and for otherwise "framing" persons in criminal actions, in order to falsely and maliciously, oppressively convict innocent persons, to protect them and other police officers and supervisory personnel from civil, administrative and criminal liability; 6) for interfering with persons' and/or otherwise violating persons' constitutionally protected right to free speech; 7) for interfering with persons' rights to remain in their private residences; 8) for covering-up unlawful and tortious conduct by Seal Beach Police Department personnel, and 9) for performing unlawful warrantless searches of private residences, and were a proximate cause of the very same California state law, and federal and state constitutional violations complained of below by the plaintiff in this action.

        12.    In addition, defendant CITY had notice of other unreasonable unlawful entries into and searches of private residences by said DOE defendants to this action, and failed to take any corrective / disciplinary actions against these DOE defendants and others.  In addition, all of the DOE defendants to this action, acted

pursuant to a conspiracy, agreement and understanding and common plan and scheme to deprive the plaintiff his federal constitutional and statutory rights, and California constitutional and statutory state law rights, as described above and below, and acted in joint and concerted action to so deprive the plaintiff of those rights as set forth below; all in violation of 42 U.S.C. § 1983 and otherwise in violation of California state law.

13.    Said conspiracy / agreement / understanding / plan / scheme / joint action / concerted action, above-referenced, was a legal cause the violation of the plaintiff's federal and state constitutional and statutory rights, as set forth below.

## THE DECEMBER 1, 2016 INCIDENT

### FIRST CAUSE OF ACTION
### [VIOLATION OF 42 U.S.C. § 1983]
### Violation Of Fourth Amendment Rights
### Unreasonable / Unlawful Entry Into And Search and Seizure
### of Private Residence;
### (By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)

14.    Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13, inclusive, above, as if set forth in full herein.

15.    On the night of December 1, 2016, plaintiff Bryan Barello was a resident of 333 First Street, Apartment F213, Seal Beach, California, when he heard a loud banging on his door.

16.    Plaintiff Bryan Barello got up from his bed and went to the door and asked who as at the door. An unknown officer DOE 1 said that it was Seal Beach Police Department.

17.    Plaintiff Bryan Barello partially opened the front door of his home to peek out and saw two officers, DOE 1 and DOE 2, standing at his doorstep.

18.    Either defendant officer DOE 1 or DOE 2 told plaintiff Bryan Barello that he was sent by the Orange County District Attorney's Office, who was contacted by Orange County Protective Services, to investigate a child abuse incident of plaintiff's 13-year old daughter, something that was not true.

19.    Defendant officer DOE 1 then turned his body sideways and slammed the front door open, injuring Bryan Barello, and entered the plaintiff Bryan Barello's home, while simultaneously asking if he could come in.

20.    Plaintiff BARELLO told defendant officer DOE 1 that plaintiff did not give permission for defendant officer DOE 1 to come into his home as defendant officer DOE 1 slammed the door open, exposing the inside of the residence to the outside hallway.

21.    Defendant officer DOE 1 proceeded to enter plaintiff Bryan Barello's home approximately ten feet inside the subject premises, and plaintiff asked defendant DOE 1 to leave his apartment.

22.     Defendant officers DOE 1 and DOE 2 then looked and saw plaintiff's girlfriend exit the bedroom dressed only in her underwear. Plaintiff BARELLO's girlfriend did not have time to put on any clothes, and officers got a full view of plaintiff's girlfriend as they looked at her.

23.     Plaintiff BARELLO repeated his demand for defendant DOE 1 to leave his home after he and his partner DOE 2 saw his girlfriend in her underwear. Defendant officer DOE 1 then pointed at plaintiff's girlfriend and asked if plaintiff's girlfriend was his daughter.

24.     Plaintiff BARELLO, for a third time, asked defendant officer DOE 1 to leave his home. Defendant officer DOE 1 then walked towards the front door and positioned himself at the door frame / threshold.

25.     Plaintiff BARELLO then told defendant officer DOE 1 that he is standing in the door frame and asked said defendant DOE 1 to back up further, which he did.

26.     However, defendant officer DOE 1 continued his questioning of plaintiff BARELLO about the whereabouts of his daughter and asked plaintiff for his driver's license and for his daughter's mother's phone number. Plaintiff BARELLO refused to answer questions because plaintiff knew that defendant officers DOE 1 and DOE 2 were not investigating any incidence of child abuse by plaintiff and that was merely an underlying falsehood to harass the plaintiff and

force entry into and search his home for his daughter, who was staying with her mother at all times during the subject incident.

27.     Defendant officers DOE 1 and DOE 2 only left plaintiff's residence after plaintiff called his attorney.

28.     Defendants DOES 1 through 10, inclusive, had no search warrant or arrest warrant for plaintiff Bryan Barello, his girlfriend or for anyone else at the plaintiff's home, had no voluntary consent to have entered, seized and searched plaintiff Bryan Barello's home, nor to have entered or searched plaintiff's home to see plaintiff's girlfriend in her underwear, which they did.

29.     In addition, there was no emergency or exigent circumstances then readily apparent, and was plenty of time for defendants DOES 1 through 10, inclusive, to have obtained a search warrant for the plaintiff's home if they believed any grounds then existed to obtain a search warrant.

30.     Furthermore, defendants CITY and DOES 1 through 10, inclusive, also participated in, aided, abetted, encouraged or otherwise caused the deprivation and violation of plaintiff's Fourth Amendment rights, and rights under California state law, as complained of in this action.

31.     Accordingly, the conduct of defendants CITY and DOES 1 through 10, inclusive, as complained of in this action, constituted a violation of plaintiff Bryan

Barello's rights to be free from an unlawful entry into, and unlawful search and seizure of his home under the Fourth Amendment to the United States Constitution.

32.     As a direct and proximate result of the actions of defendants CITY and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real property and 4) incurred other special and general damages and expenses, in an amount to be proven at trial which is in excess of $10,000,000.

33.     The actions of defendants DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $10,000,000.00.

### SECOND CAUSE OF ACTION
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of Fourth Amendment Rights**
**Unreasonable Force**
**(By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)**

34.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 33, inclusive, above, as if set forth in full herein.

35.     As shown above, either defendant officer DOE 1 and/or DOE 2 told plaintiff Bryan Barello that he was sent by the Orange County District Attorney's

Office, who was contacted by Orange County Protective Services, to investigate a child abuse incident of plaintiff's 13-year old daughter, something that was not true.

36.     As shown above, defendant officer DOE 1 then turned his body sideways and drove his shoulder and his full body weight into the front door with great and unreasonable force for the express purposed of opening the door by slamming the door into plaintiff's body with great force to injure him, which they did. Said DOE defendants slammed the door open home, while simultaneously asking if he could come in, apparently to create an excuse to batter the plaintiff.

37.     Plaintiff BARELLO told defendant officer DOE 1 that plaintiff did not give permission for defendant officer DOE 1 to come into his home as defendant officer DOE 1 slammed the door open and injuring him and exposing the inside of the residence to the outside hallway and injuring him.

38.     Accordingly, the conduct of defendants CITY and DOES 1 through 10, inclusive, as complained of in this action, constituted a violation of plaintiff Bryan Barello's rights to be free from an unlawful entry into, and unlawful search and seizure of his home under the Fourth Amendment to the United States Constitution.

39.     As a direct and proximate result of the actions of defendants CITY and DOES 1 through 10, inclusive, as complained of herein, plaintiff: 1) was substantially physically, mentally and emotionally injured, 2) incurred medical and psychological costs, bills and expenses, 3) lost the use and possession of his real

property and 4) incurred other special and general damages and expenses, in an amount to be proven at trial which is in excess of $10,000,000.

40.     The actions of defendants DOES 1 through 10, inclusive, as complained of herein, were committed maliciously, oppressively and/or in reckless disregard of plaintiff's constitutional rights, sufficient for an award of punitive / exemplary damages against all defendants, save for Defendant CITY, in an amount to be proven at trial which is in excess of $10,000,000.00.

### THIRD CAUSE OF ACTION
**Trespass to Private Residence**
**Under California State Law**
**(By Plaintiff Against Defendant CITY and DOES 1 through 10, inclusive)**

41.  Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 40, inclusive, above, as if set forth in full herein.

42.  As complained of above, plaintiff Bryan Barello leased / occupied / controlled the property located at 333 First Street, Apartment F213, Seal Beach, California.

43.  As complained of above, said defendant DOE 1 and/or DOE 2 intentionally entered the plaintiff's Bryan Barello's private residence.

44.  As complained of above, plaintiff BARELLO did not give permission for the entry by said DOE defendants into his private residence.

45.  Plaintiff BARELLO was actually harmed by the unlawful entry into his home; and

FIRST AMENDED COMPLAINT FOR DAMAGES
13

46. That defendant officers DOE 1 and/or DOE 2's entry and conduct was a substantial factor in causing plaintiff BARELLO's harm.

47. As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

48. The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

## FOURTH CAUSE OF ACTION
### Battery
### Under California State Law
### (By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)

49. Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48, inclusive, above, as if set forth in full herein.

50. The actions committed by COUNTY and DOES 1 through 10, inclusive, above-described, constituted unjustified non-consensual use of unlawful force and violence upon the plaintiff and constituted a battery of him by COUNTY and DOES 1 through 10, inclusive, under California state law.

51.     Defendants COUNTY and DOES 1 through 10, and each of them, are liable to the plaintiff for said battery of him, pursuant to Cal. Government Code §§ 815.2(a), 815.6, 820, 820.8 and otherwise pursuant to the common-law.

52.  As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

53.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

### FIFTH CAUSE OF ACTION
**[VIOLATION OF 42 U.S.C. § 1983]**
**Violation Of First Amendment Rights – Free Speech / Right to Petition**
**(By Plaintiff Against Defendants CITY AND does 1 through 10, inclusive)**

54.     Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 53, inclusive, above, as if set forth in full herein.

55.     The actions committed by COUNTY and DOES 1 through 10, inclusive, above-described, were so committed by defendants against the plaintiff in retaliation for plaintiff complaining to the Seal Beach Police Department and other

law enforcement agencies and other government entities about the conduct of their

officers, employees and agents.

56.     Those prior complaints by plaintiff to the Seal Beach Police

Department included a prior incident a couple of years before the incident

complained of in this case wherein a man punched the plaintiff who reported his

being punched to the Seal Beach Police Department. However, the Seal Beach

Police Officer who plaintiff complained to about his being punched refused to arrest

plaintiff's assailant for punching him even though plaintiff wanted his assailant

arrested pursuant to a private person's arrest.

57.     Plaintiff thereafter complained to a Seal Beach Police Department

Detective about the failure of the Seal Beach Police Department police officer

refusing to arrest the man who punched the plaintiff but neither the Detective nor

anyone else from the Seal Beach Police Department would do anything about the

officer's failure to effect a private person's arrest of the man who punched the

plaintiff. This resulted in the plaintiff verbally protesting and criticizing the Seal

Beach Police Department for failing to arrest the man.

58.     In addition, also a couple of years prior to the incident complained of in

this case, plaintiff and his daughter, both members of the black African-American

race, exited plaintiff's car at his apartment building and a fellow tenant at the

apartment building began screaming at plaintiff and his daughter: "Niggers, niggers,

niggers". Plaintiff thereafter called the Seal Beach Police Department to have a word with the tenant who made the racial epithets, and when a Seal Beach Police Department police officer responded to the apartment building and spoke with the plaintiff the Seal Beach Police Department police officer refused to speak with that fellow tenant.

59.   In response to the Seal Beach Police Department police officer refusing to have a talk with the fellow tenant about his use of "fighting words" directed toward the plaintiff and his daughter (i.e. "Nigger, nigger, nigger") plaintiff complained to the Seal Beach Police Department about the SBPD officer's refusal to address that use of "fighting words" directed at the plaintiff and his daughter.

60.   Because of those verbal complaints made by plaintiff to the Seal Beach Police Department by plaintiff, the Seal Beach Police Department developed animus toward the plaintiff and relished the opportunity to retaliate against him such as by unlawfully searching his home and by using unreasonable force to enter the plaintiff's home.

61.   Accordingly, said conduct by said DOE Seal Beach Police Department police officer violated the plaintiff's First Amendment rights to free speech and to petition the government for redress of grievances, as a substantial and motivating factor in said DOE Seal Beach Police Department police officer's decision to unlawfully search the plaintiff's home and to use unreasonable force upon the

plaintiff.

62.  As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

63.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant COUNTY, in an amount to be proven at trial in excess of $10,000,000.00.

## THE OCTOBER 15, 2017 INCIDENT
## <u>GENERAL ALLEGATIONS</u>

64.     Defendant Avalonbay Communities, Inc., hereinafter "AVALONBAY," is a California Corporation doing business in the County of Orange, State of California, within the territorial jurisdiction of this court. At all times complained of herein, defendant AVALONBAY employed defendants Allied Universal Security Services and/or Universal Protection Security Systems GP, Inc., identified hereinbelow.

65.     Defendant Ann Marie Sayblock, hereinafter "SAYBLOCK," is a

property manager employed by defendant AVALONBAY. At all times complained of herein, SAYBLOCK was acting as an agent/representative/employee of defendant AVALONBAY, pursuant to her status as a property manager, and was acting in the course of and within the scope of her employment with defendant AVALONBAY.

66.     Defendant ALLIED UNIVERSAL SECURITY SERVICES, hereinafter referred to as "ALLIED UNIVERSAL," is a licensed entity with the State of California, Department of Consumer Affairs, Bureau of Security and Investigative Services, doing business in the County of Orange, State of California, within the territorial jurisdiction of this Court.

67.     Defendant Universal Protection Security Systems GP, Inc., hereinafter referred to as "UNIVERSAL PROTECTION," is a California Corporation doing business in the County of Orange, State of California, within the territorial jurisdiction of this Court.

68.     Defendant Kevin Hooper, hereinafter referred to as "HOOPER," is/was a security guard employed by defendants ALLIED UNIVERSAL and/or UNIVERSAL PROTECTION. At all times complained of herein, HOOPER was acting as an agent/representative/employee of defendants ALLIED UNIVERSAL and/or UNIVERSAL PROTECTION, pursuant to his status as a security guard for defendants SAYBLOCK and AVALONBAY, and was acting in the course of and

within the scope of his employment with defendants ALLIED UNIVERSAL and/or

UNIVERSAL PROTECTION.

### SIXTH CAUSE OF ACTION
### VIOLATION OF 42 U.S.C. § 1983
### Violation of Fourth Amendment Rights –
### Unlawful / Unreasonable Seizure of Person
### (Against Defendants CITY, AVALONBAY, SAYBLOCK, ALLIED
### UNIVERSAL, UNIVERSAL PROTECTION
### and DOES 1 through 10, inclusive)

69.     Plaintiff hereby realleges and incorporates by reference the allegations

set forth in paragraphs 1 through 13 and 54 through 69, inclusive, above, as if set

forth in full herein.

70.     On the night of October 15, 2017, at approximately 7:00 p.m., plaintiff

BARELLO was a resident of 333 First Street, Apartment K213, Seal Beach,

California, and was renting a room from his friend, Richard Abbott, when he was

approached by a security guard for his apartment complex, defendant HOOPER.

71.     Defendant HOOPER was told by defendants AVALONBAY and/or

SAYBLOCK that plaintiff BARELLO no longer lived in the apartment complex,

something that was not true, and something that HOOPER actually personally knew

was not true.

72.     Notwithstanding the falsity of that statement to HOOPER by

AVALONBAY and/or SAYBLOCK[1] ordered the plaintiff to leave the property, despite the fact that plaintiff BARELLO rented a room from Richard Abbott, and had a legal right to be on the property as a paying tenant.

72.     Defendant HOOPER then called the Seal Beach Police Department and made a false claim that plaintiff BARELLO was trespassing, something that was also not true, and two Seal Beach Police Department police officers, DOE 3 and DOE 4, arrived at the scene.

73.     When defendant CITY police officers DOE 3 and DOE 4 arrived, plaintiff BARELLO walked down with his landlord and roommate, Richard Abbott, and plaintiff informed said police officers that he had moved out of Apartment F213 and moved into K213, where plaintiff paid rent to Richard Abbott to rent a room from him in apartment K213.

74.     Defendant HOOPER, under the direction of AVALONBAY and/or SAYBLOCK and/or ALLIED UNIVERSAL and/or UNIVERSAL PROTECTION, defendant HOOPER acted in joint conspiracy with defendant police officers DOE 3 and DOE 4 to deprive the plaintiff of his constitutional rights, as described above and below.

75.     Said defendant police officers DOE 3 and DOE 4 then grabbed

---

[1] That plaintiff BARELLO no longer lived in the apartment complex.

plaintiff's hand with great and excessive force and searched plaintiff BARELLO, without a warrant or probable cause or reasonable suspicion that plaintiff was armed and dangerous nor any belief that there was any criminality afoot of plaintiff. In fact, plaintiff informed said officers that this was a civil matter, and not a criminal one.

76.     After unlawfully searching plaintiff, said officers demanded plaintiff's driver's license, and "ran" plaintiff for warrants. Plaintiff was not free to go about his business, nor was plaintiff allowed back into his home.

77.     Thereafter, plaintiff was informed by defendant officers DOE 3 and DOE 4 that HOOPER wanted the plaintiff arrested and prosecuted for the crime of trespassing (Cal. Penal Code § 602), and that if plaintiff BARELLO did not leave his residence (Apartment K213), they would arrest plaintiff and take him to jail.

78.     Plaintiff once again told defendant officers DOE 3 and DOE 4 that plaintiff lived in Apartment K213 and plaintiff paid rent to Richard Abbott, and was once again threatened with arrest for trespassing by said defendants if he did not immediately leave and stay away from Apartment K213.

79.     Thereafter, plaintiff left the property as he did not want to go to jail for a crime he did not commit, and plaintiff was forced to sleep in his car and was thereafter permanently disposed of his home.

80.     As a direct and proximate result of the actions of CITY and DOES 1 through 10, AVALONBAY, SAYBLOCK, ALLIED UNIVERSAL, UNIVERSAL

PROTECTION, HOOPER, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

81.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

### SEVENTH CAUSE OF ACTION
### UNREASONABLE FORCE - UNDER FOURTH AMENDMENT
**[42 U.S.C. § 1983]**
**(By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)**

82.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 13 and 54 through 81, inclusive, above, as though set forth in full herein.

83.    The actions of said defendants in using unreasonable force upon the plaintiff as described above, by defendants DOES 1 through 10, inclusive, constituted the use of unreasonable force against plaintiff BARELLO under the Fourth Amendment to the United States Constitution.

84.    As a direct and proximate result of the actions of CITY and DOES 1

through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

85.    The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

### EIGHTH CAUSE OF ACTION
### UNLAWFUL / UNREASOANBLE SEIZURE OF PRIVATE RESIDENCE
### [42 U.S.C. § 1983]
### (By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)

86.    Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 13 and 54 through 85, inclusive, above, as though set forth in full herein.

87.    The actions of said defendants in threatening the arrest of plaintiff if he returned to his home, without probable cause, as described above, by defendants DOES 1 through 10, inclusive, constituted an unlawful / unreasonable seizure of plaintiff BARELLO's private residence / private property under the Fourth Amendment to the United States Constitution.

88.    As a direct and proximate result of the actions of CITY and DOES 1

through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

89.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

## NINTH CAUSE OF ACTION
## UNLAWFUL / UNREASOANBLE SEARCH OF PERSON
### [42 U.S.C. § 1983]
### (By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)

90.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 13 and 54 through 89, inclusive, above, as though set forth in full herein.

91.     The actions of said defendants in unlawfully / unreasonably searching plaintiff BARELLO's person, without any reasonable belief that plaintiff was armed and dangerous, and without probable cause or reasonable suspicion of criminality afoot of plaintiff, as described above, by defendants DOES 1 through 10, inclusive, constituted an unlawful / unreasonable search of plaintiff BARELLO's person under

the Fourth Amendment to the United States Constitution.

92.     As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

93.     The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

## TENTH CAUSE OF ACTION
## VIOLATION OF 42 U.S.C. § 1983
**Violation Of Fourteenth Amendment Right to Due Process of Law**
**Freedom Of Speech / Right To Petition Government For Redress Of Grievances**
**[42 U.S.C. § 1983]**
**(By Plaintiff Against Defendants CITY and DOES 1 through 10, inclusive)**

94.     Plaintiff hereby realleges and incorporate by reference the allegations set forth in paragraphs 1 through 13 and 54 through 93, inclusive, above, as though set forth in full herein.

95.     As shown above, the defendants ordered the plaintiff to leave and to stay away from his home in the absence of any court order or other legal

justification for doing so.

96. As shown above, plaintiff actually resided at Apartment K213 and paid rent to live there.

97. As shown above, when the defendants ordered the plaintiff to leave his residence and to stay away from the same they had no court order upon which to rely in doing so, and a court order could be the only legal justification for said defendants to order the plaintiff to leave his home.

98. Accordingly, the plaintiff was deprived of his right to procedural due process of law under the fourteenth amendment to the United States Constitution.

99. In addition, the actions of the defendants in summarily ejecting the plaintiff to leave his home or be arrested constituted conduct that shocks the conscience, violating the plaintiff's right to substantive due process of law under the fourteenth amendment to the United States Constitution.

100.   As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

101.   The actions by said defendants were committed maliciously and

oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

### ELEVENTH CAUSE OF ACTION
### Violation of Cal. Civil Code § 52.1
### Under California State Law
### (Against Defendants CITY, AVALONBAY, SAYBLOCK, ALLIED UNIVERSAL, UNIVERSAL PROTECTION, HOOPER and DOES 1 through 10, inclusive)

102.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 and 54 through 101, inclusive, above, as if set forth in full herein.

103.   As shown above, defendants CITY, AVALONBAY, SAYBLOCK, ALLIED UNIVERSAL, UNIVERSAL PROTECTION, HOOPER and DOES 1 through 10, inclusive, threatened to arrest the plaintiff unless he stopped asserting his right to remain in his home.

104.   Said actual threats of falsely arresting plaintiff BARELLO by said defendants AVALONBAY, SAYBLOCK, ALLIED UNIVERSAL, UNIVERSAL PROTECTION, HOOPER and DOES 1 through 10, inclusive, unless he left and stayed away from his home, interfered with and coerced the plaintiff to remain in his own home.

105.   Moreover, as shown above, said defendants DOE 3 and DOE 4 used

unreasonable force upon the plaintiff BARELLO; said use of unreasonable force in itself being a violation of Section 52.1.

106.   Said defendants DOES 1 through 10, inclusive, in concert and conspiracy with defendants AVALONBAY, SAYBLOCK, ALLIED UNIVERSAL, UNIVERSAL PROTECTION, and HOOPER interfered with, and/or attempted to interfere with, by use of threats, intimidation, and coercion, the exercise or enjoyment by plaintiff of the rights secured by the Constitution and laws of the United States, and of the rights secured by the California Constitution and otherwise by California law, in violation of California Civil Code §52.1.

107.   Said defendants and DOES 1 through 10 are liable to plaintiffs for said violations of their constitutional rights, pursuant to California Civil Code §52.1, and California Government Code §§815.2(a), 815.6, 820, 820.8.

108.   As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

109.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive

/ exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

110.   In addition, as a result of the actions of said defendants in violation of the plaintiffs' rights under Cal. Civil Code § 52.1, the plaintiffs are entitled to an award of treble compensatory damages against all defendants, and each of them in this action.

**TWELFTH CAUSE OF ACTION**
**BATTERY UNDER CALIFORNIA STATE LAW**
**(By Plaintiff Against CITY and DOES 1 through 10, inclusive)**

111.   Plaintiff hereby realleges and incorporates by reference the allegations set forth in paragraphs 1 through 13 and 54 through 110, inclusive, above, as if set forth in full herein.

112.   Said defendants unlawfully touched BARELLO with the intent to harm him, including grabbing plaintiff's hand/wrist to restrain plaintiff during his unlawful search of his person.

113.   BARELLO didn't consent to said touching.

114.   BARELLO was harmed by said touching.

115.   A reasonable person would have been offended and harmed by said touching.

116.   As a direct and proximate result of the actions of CITY and DOES 1 through 10, plaintiff Bryan Barello was: 1) substantially physically, mentally and

emotionally injured; 2) incurred medical and psychological costs, bills and expenses and 3) incurred other special and general damages, including attorney's fees, costs and 4) incurred lost profits and other associated costs and expenses; all in an amount to be proven at trial in excess of $10,000,000.00.

117.   The actions by said defendants were committed maliciously and oppressively and constituted despicable conduct; sufficient for an award of punitive / exemplary damages against all defendants and each of them, save defendant CITY, in an amount to be proven at trial in excess of $10,000,000.00.

**WHEREFORE**, plaintiff prays for judgment as follows:

1) For an award of compensatory damages in favor of plaintiff an amount to be shown at trial, in excess of $10,000,000.00 against all defendants;

2) For an award of punitive / exemplary damages in an amount to be shown at trial against all defendants, save defendant CITY, in an amount to be shown at trial, in excess of $3,000,000.00.

3) For reasonable attorney's fees and other costs of suit herein;

4) For a trial by jury;  and

5) For such other and further relief as this honorable court deems proper, just and equitable.

   ___/s/_ Jerry L. Steering_____
   JERRY L. STEERING
   Attorney for Plaintiff